**IN RE GALLINATO**

[106 N.C. App. 376 (1992)]

IN THE MATTER OF CLAYTON GALLINATO AND CRYSTAL GALLINATO

No. 917DC383

(Filed 2 June 1992)

**Evidence and Witnesses § 980 (NCI4th) — hearsay — admission under residual exception — failure to make findings and conclusions**

The trial court erred in admitting statements by two children to a social worker and two day care workers under the residual exception to the hearsay rule set forth in N.C.G.S. § 8C-1, Rule 803(24) without making the findings and conclusions required by *State v. Deanes*, 323 N.C. 508 (1988).

**Am Jur 2d, Federal Rules of Evidence § 264.**

**Admissibility of statement under Rule 803(24) of Federal Rules of Evidence providing for admissibility of hearsay statement not covered by any specific exception but having equivalent circumstantial guarantees of trustworthiness. 36 ALR Fed 742.**

APPEAL by respondent from an order entered 30 November 1990 by *Judge George M. Britt* in EDGECOMBE County District Court. Heard in the Court of Appeals 12 February 1992.

On 14 August 1990, a juvenile petition pursuant to N.C. Gen. Stat. § 7A-560 was filed by the Edgecombe County Department of Social Services against Clayton Gallinato, respondent-appellant, and Linda Gallinato, parents of the juveniles Clayton and Crystal Gallinato. The petition alleged abuse and neglect as defined by N.C. Gen. Stat. § 7A-517. The Edgecombe County Department of Social Services received a complaint alleging that respondent had sexually abused his daughter and that his son had witnessed the abuse. The mother was charged with neglect based on failure to protect the children from abuse by the father. The children were removed from the home and placed in foster care until hearing on the matter. At the time of the complaint the children were ages three and six respectively.

On 30 November 1990 at the conclusion of the hearing on the petition, the court determined that the children were abused by their father but that the evidence was insufficient to sustain the allegation of neglect as to the mother. The children were then placed in the custody of their mother. The court further ordered

that the children were not to have any contact with their father, pending the outcome of criminal charges arising out of this incident. The court also concluded that a review of the matter, as well as consideration of a plan to begin contact between father and children, if appropriate, would be considered following disposition of the criminal charges. From the order adjudicating the two children as abused, respondent father appeals.

*Edward B. Simmons for petitioner-appellee.*

*Weeks, Muse & Muse, by Eugene W. Muse, for respondent-appellant.*

ORR, Judge.

Respondent brings forward two assignments of error challenging the court's rulings on the admissibility of evidence and one assignment of error challenging the sufficiency of the evidence.

Respondent first contends that the trial court erred in allowing social worker Beverly Dickens and day care workers Lynn Moore Christenberry and Darlene Stallings to testify regarding statements made to them by the children. Respondent asserts that the testimony was inadmissible because the court failed to make inquiries required for admission of evidence under N.C. Gen. Stat. § 8C-1, Rule 803(24) (1988), the residual hearsay exception, and because the hearsay statements "did not have the sufficient indicia of trustworthiness required."

In order "[t]o facilitate appellate review of the propriety of the admission of evidence under 803(24), [our Supreme Court] has prescribed a sequence of inquiries which the trial court *must* make before admitting or denying evidence under Rule 803(24)." *State v. Deanes*, 323 N.C. 508, 515, 374 S.E.2d 249, 255 (1988), *cert. denied*, 490 U.S. 1101, 109 S.Ct. 2455, 104 L.Ed.2d 1009 (1989) (emphasis supplied); *see also State v. Smith*, 315 N.C. 76, 337 S.E.2d 833 (1985) (trial court must engage in six-part inquiry prior to admitting or denying proffered hearsay evidence pursuant to Rule 803(24)).

When ruling on the admission of evidence pursuant to Rule 803(24), the trial court must determine, in order, the following:

(A) Has proper notice been given?

(B) Is the hearsay not specifically covered elsewhere?

(C) Is the statement trustworthy?

(D) Is the statement material?

(E) Is the statement more probative on the issue than any other evidence which the proponent can procure through reasonable efforts?

(F) Will the interests of justice be best served by admission?

*Deanes*, 323 N.C. at 515, 374 S.E.2d at 255; *see also Smith*, 315 N.C. at 92-97, 337 S.E.2d at 844-46. The rationale for including in the record these findings and conclusions is to ensure that the trial court "necessarily undertake[s] the serious consideration and careful determination contemplated by the drafters of the Evidence Code," *see Smith*, 315 N.C. at 97, 337 S.E.2d at 847, as well as to facilitate appellate review. *Id.* at 96-97, 337 S.E.2d at 847; *see also Deanes*, 323 N.C. at 515, 374 S.E.2d at 255.

At the 30 November 1990 proceeding the trial court ruled the children incompetent to testify; however, statements allegedly made by the children to Dickens, Christenberry and Stallings were ruled admissible. The record indicates that in the presence of all parties and the court, petitioner's attorney provided oral notice that he intended to introduce evidence of statements made by the minor children to third parties. At that time, petitioner asserted that the evidence should be allowed under the ruling of *Deanes*. Respondent objected and moved to suppress this evidence, basing his objection in part on grounds that the court had previously found the children incompetent to testify. Respondent's objection was overruled and his motion to suppress was denied. The testimony of the three witnesses was apparently admitted without restrictions. However, there are no findings or conclusions to indicate that the trial court analyzed the appropriateness of admitting this testimony in light of the specific requirements set out in *Deanes*. Unlike *State v. Felton*, 330 N.C. 619, 412 S.E.2d 344 (1992), in which the defendant argued that the trial court's findings failed to show sufficient guarantees of trustworthiness for the admission of evidence under Rule 804(b)(5), in the case at bar the court made no findings whatsoever. The petitioner concedes this point on brief. Because no particularized findings were made, we have no way to determine if the ruling was supported by competent evidence.

*Deanes* and *Smith* make clear that the trial court is "required" to conduct this analysis. Failure to do so renders appellate review

of the ruling on admissibility impossible and constitutes reversible error. Accordingly, the judgment of the trial court must be vacated and remanded for a new hearing on the allegations of abuse. Because we are ordering that the judgment be vacated, it is unnecessary for us to address respondent's remaining assignments of error.

Vacated and remanded.

Judges EAGLES and COZORT concur.